IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| David Papenhausen,<br><br>    Plaintiff,<br><br>vs.<br><br>ConocoPhillips Company, and<br>Burlington Resources Oil & Gas Company<br>LP, individually, and d/b/a Burlington<br>Resources Oil & Gas LP,<br><br>    Defendants. | **ORDER DENYING MOTION FOR**<br>**SUMMARY JUDGMENT**<br><br>Case No. 1:20-cv-115 |

Before the Court is a Motion for Summary Judgment and a request for a hearing filed by Defendants. (Doc. Nos. 15 and 17). For the reasons that follow, the motion (Doc. No. 15) is denied and the request for a hearing (Doc. No. 17) is deemed moot.

I.  **BACKGROUND**

This action arises out of an incident that occurred on March 15, 2020, at a well site owned and operated by Defendants ConocoPhillips Company and Burlington Resources Oil & Gas Company LP in rural Dunn County, North Dakota. (Doc. No. 1-1). Defendants had engaged MBI Energy Services ("MBI") to pull produced water off of the well site. (Doc. No. 1-1 at ¶8). Plaintiff David Papenhausen ("Papenhausen") was employed by MBI as a truck driver. (Id.).

According to Papenhausen, he was dispatch by MBI on March 15, 2020, to the well site to load produced water. (Id.). Upon arriving at the well site, he parked his vehicle in a designated area in front of a tank battery and stepped out. (Id.). Finding the ground icy, he started to walk around the front of his vehicle to retrieve ice cleats that he kept in a tool bag on the passenger side. (Id.; Doc. No. 16-1 (David Papenhausen Depo, 81:2 -83:3; 90:8-22)). As he was walking, his left

1

foot and leg broke through a crust of ice and snow and he fell into a hole[1] that he estimated to be between sixteen and seventeen inches deep, injuring his knee and hip. (Doc. Nos. 1-1, 16-1 (David Papenhausen Depo, 90:23-91:25)).

Papenhausen filed suit against Defendants in state court, seeking compensation for his injuries under theories of negligence, respondeat superior, and premises liability. (Id.). He alleged that the hole into which he had fallen was created by Defendants' negligent maintenance of the well site and was unreasonably dangerous as it was covered by ice and snow.

On June 30, 2020, Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441. (Doc. No. 1). On December 17, 2021, they filed a Motion for Summary Judgment, asserting that Papenhausen's alleged injuries would not have occurred but for the natural accumulation of ice and snow and, as a consequence, North Dakota's natural accumulation rule precluded any finding of liability against them. (Doc. No. 15).

Papenhausen responded that the natural accumulation rule did not extend to "remote areas of property" and was otherwise inapplicable in this instance as the ice and snow concealed a dangerous condition, i.e., the hole. (Doc. No. 20).

Noting the dearth of controlling state court precedent regarding the application of the natural accumulation rule to remote well sites, this Court certified two questions of law to the North Dakota Supreme Court pursuant to N.D. R. App. P. 47:

1. Does North Dakota's natural accumulation rule extend to an oil well site in a rural area?

2. If the natural accumulation rule extends to an oil well site in a rural area,

---

[1]Plaintiff uses the word "hole" when describing the void or depression that he fell into on March 25, 2020 where as Defendants use the word "rut." Compare Doc. Nos. 1-1 and 20 with Doc. No. 16.

> does it still apply if it conceals a condition substantially more dangerous than one normally associated with ice and snow?

(Doc. No. 33).

The North Dakota Supreme Court issued an opinion and Judgment on March 7, 2024, that was transmitted and filed the same day with this Court. (Doc. Nos. 35, 36). It initially reviewed applicable State law.

> [¶ 8] Generally, "[l]andowners owe a general duty to lawful entrants to maintain their property in a reasonably safe condition under the circumstances, considering the likelihood of an injury to another, the seriousness of the injury, and the burden of avoiding the risk." *Green*, 2004 ND 12, ¶ 8. "If a landowner permits dangerous conditions to exist on the premises the landowner must take reasonable measures to prevent injury to those whose presence on the property reasonably can be foreseen." *Fast v. State*, 2004 ND 111, ¶ 8, 680 N.W.2d 265 (citing *Groleau v. Bjornson Oil Co., Inc.*, 2004 ND 55, ¶ 16, 676 N.W.2d 763). "The open and obvious nature of a danger may obviate the need to warn of danger." *Wotzka v. Minndakota Ltd. P'ship*, 2013 ND 99 ¶ 23, 831 N.W.2d 722 (citation omitted). "A duty to warn does not exist when the risk is commonly known, already understood and appreciated, or obvious." *Id.* (citing 57A Am. Jur. 2d Negligence § 388 (1989)).
>
> Under the natural accumulation rule a landowner has no duty to remove, and is not liable for injuries caused by, natural accumulations of snow and ice, or to warn of the dangers associated with the same. 3 Premises Liability 3d § 52:1 (2023 ed.). We have adopted the natural accumulation rule, holding "[t]he mere fact there is snow and ice upon a person's sidewalk, does not establish negligence by that party." *Green v. Mid Dakota Clinic*, 2004 ND 12, ¶ 8, 673 N.W.2d 257 (citing *Skjervem v. Minot State Univ.*, 2003 ND 52, ¶ 10, 658 N.W.2d 750); *see also Clark v. Stoudt*, 73 N.D. 165, 173, 12 N.W.2d 708 (1944) (explaining a rule that meets with our approval is: "Owners and occupants of property are not liable to a pedestrian for injuries resulting from a fall caused by slipping on snow and ice which, due to natural weather conditions, accumulated on the sidewalk in front of the property, notwithstanding an ordinance penalizing failure to remove such snow and ice."); *but see Strandness v. Montgomery Ward*, 199 N.W.2d 690, 692 (N.D. 1972) (as an exception to the rule, a landowner who constructs a canopy over a sidewalk upon his property owes a duty to the public to maintain it to provide a sidewalk free from artificial accumulations of water and ice).
>
> The natural accumulation rule relates to the threshold question whether a duty exists. *See Gunville v. United States*, 985 F. Supp. 2d 1101, 1108 (D.S.D. 2013) ("The natural accumulation rule concerns the threshold question of whether the defendant

3

owes a plaintiff a legal duty to clear natural accumulations of ice and snow."). The natural accumulation rule exists because, as a matter of law, it is not reasonable to impose premises liability for dangers caused by natural accumulation of ice and snow. *See* 62A Am. Jur. 2d Premises Liability § 625 ("To require that an owner's or occupier's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in certain areas."). The underlying rationale for the natural accumulation rule is reasonableness.

(Id.). It then went on to answer the first question in the affirmative, stating:

> [[¶ 32] Papenhausen argues the natural accumulation rule does not extend to "remote areas of property." However, remote areas are precisely the locations the natural accumulation rule protects because the reasonableness of monitoring remote areas of property, and lack of notice resulting therefrom, demonstrates the rationale for the rule. Where it is unreasonable for an owner or operator to continually monitor an area, such as the remote well site in rural North Dakota, it is unreasonable to expect the owner or operator to promptly clear any naturally accumulating snow or ice, removing that duty and thus liability from the owner or operator.

(Id.). Finally, it answered the second question in the negative, stating:

> [¶ 32] "The determination of whether a dangerous condition is open and obvious, limiting the landowner's duty, is generally a question of fact for the trier of fact, and becomes a question of law only when reasonable minds could reach but one conclusion." *Groleau*, 2004 ND 55, ¶ 21. In this case, the "obvious" nature of the concealed hole or rut and whether it was a danger the owner knew or should have known about, are questions of fact for the trier of facts.
>
> [¶ 32] Having considered whether a duty is created on the owner or operator of property by snow and ice that, rather than creating an open and obvious danger of slippery conditions, conceals a separate, otherwise open and obvious danger, and concluding the concealment aspect of snow and ice is outside the scope of our natural accumulation rule, we answer the federal court's second question, "no."

(Id.).

## II. **STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exists and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual

disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id. The purpose of summary judgment is to assess the evidence and determine if a trial is genuinely necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the Court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). If the record taken as a whole and viewed in a light most favorable to the non-moving party could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587.

### III. DISCUSSION AND CONCLUSION

After careful review of the North Dakota Supreme Court's opinion, this Court **DENIES** Defendants' Motion for Summary Judgment (Doc. No. 15) for the reasons articulated by the North Dakota Supreme Court in its March 7, 2024, opinion. In so ruling, this Court concludes that, while

the natural accumulation rule applies to remote areas of property such as Defendants' well site, there are material issues of fact with respect to the degree of danger posed by the snow and ice covered hole at Defendants' well site that must be resolved by a jury.

The Court deems Defendants' request for a hearing (Doc. No. 17) **MOOT**. The Court shall hold a status conference with the parties on April 5, 2024, at 10:00 AM by telephone to plot a course going forward. To participate in the conference, the parties should call (877) 810-9415 enter access code 8992591.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2024.

>*/s/ Clare R. Hochhalter*
>Clare R. Hochhalter, Magistrate Judge
>United States District Court